1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  QUOC H. NGUYEN, | Case No.  2:24-cv-02528-TLN-JDP (PS) |
| 12             Plaintiff, | **ORDER** |
| 13      v. | GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| 14  TIEN TRAN, | ECF No. 2 |
| 15             Defendant. | **FINDINGS AND RECOMMENDATIONS** |
| 16 | |
| 17 | THAT THIS ACTION BE DISMISSED FOR FAILURE TO ESTABLISH FEDERAL JURISDICTION |
| 18 | ECF No. 1 |
| 19 | |
| 20 | OBJECTIONS DUE IN FOURTEEN DAYS |

21          Plaintiff brings this action *pro se*, alleging that defendant's dog bit his hand.  ECF No. 1 at

22   5.  The complaint fails to offer any basis for federal jurisdiction.  Accordingly, I recommend that

23   this action be dismissed.  I will grant plaintiff's application to proceed *in forma pauperis*.  ECF

24   No. 2.

25                          **Screening and Pleading Requirements**

26          A federal court must screen the complaint of any claimant seeking permission to proceed

27   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

28   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

1   which relief may be granted, or seeks monetary relief from a defendant who is immune from such

2   relief. *Id.*

3        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

4   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

5   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

6   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

7   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

8   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

9   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

10   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

11   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

12   n.2 (9th Cir. 2006) (en banc) (citations omitted).

13        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

14   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

15   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

16   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

17   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

18   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

19   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20   **Analysis**

21        Plaintiff's sole claim is that defendant's dog bit his hand.  ECF No. 1 at 5.  This claim

22   does not provide a basis for federal question jurisdiction; it sounds in state tort law.  And there is

23   no basis for diversity jurisdiction; plaintiff alleges that both he and the defendant are citizens of

24   California.  *Id.* at 4.  I see no reason to offer plaintiff leave to amend, since he could remedy these

25   deficiencies only by changing the fundamentals of his claim.  If some basis for jurisdiction does

26   exist, plaintiff may state as much in his objections to these recommendations.

27        Accordingly, it is hereby ORDERED that plaintiff's application to proceed *in forma*

28   *pauperis*, ECF No. 2, is GRANTED.

2

1    Further, it is RECOMMENDED that the complaint, ECF No. 1, be DISMISSED without

2 leave to amend for want of federal jurisdiction.

3    These findings and recommendations are submitted to the United States District Judge

4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

5 service of these findings and recommendations, any party may file written objections with the

6 court and serve a copy on all parties.  Any such document should be captioned "Objections to

7 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

8 within fourteen days of service of the objections.  The parties are advised that failure to file

9 objections within the specified time may waive the right to appeal the District Court's order.  *See*

10 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

11 1991).

12

13 IT IS SO ORDERED.

14

15 Dated:     October 7, 2024                        _____

                                                     JEREMY D. PETERSON
16                                                   UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28